In the Matter of JULIA A. FARRIGAN, as President of the Monroe-Woodbury Teachers Association, Appellant, *v.* ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents.

Third Department, July 12, 1973.

*Bernard F. Ashe, James R. Sandner* and *Ivor R. Moskowitz* for appellant.

*Martin L. Barr* (*Robert J. Miller* of counsel), for respondents.

MAIN, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered January 11, 1972, which dismissed, on the merits, petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate, in part, an order issued by the Public Employment Relations Board.

On January 5, 1970, representatives of the Monroe-Woodbury Board of Education and the Monroe-Woodbury Teachers Association began negotiations on a contract for the year 1970–1971. A controversy soon developed over articles D and F of the association's proposal. Only article F, entitled "Support of Exclusive Teacher Representative", concerns us on this appeal, and it is a proposal for an "agency shop". While its adoption would not make membership in the association a mandatory condition of employment, any teacher who chose not to join would be required to authorize a deduction from his salary and payment to the association of an amount equal to the association's dues. A failure to so authorize would lead to the teacher's dismissal upon the grounds of insubordination.

Contending that articles D and F were illegal and, thus, not negotiable, the board asked the association to withdraw those articles from the negotiations. When this request was refused, the board filed an improper practice charge against the association with the Public Employment Relations Board. The association countered that the board was not acting in good faith because of its refusal to negotiate the two disputed articles.

The Public Employment Relations Board adopted the recommendations of its hearing officer who found, *inter alia,* that article F was illegal. She held that the board's refusal to negotiate as to this article was not an improper practice and indicated that any insistence by the association on negotiating the illegal proposal, once the board had refused, would amount to an improper practice. Petitioner is here challenging the judgment of the court below which affirmed the determination of the Public Employment Relations Board.

The association's basic contention is that it was error for the Public Employment Relations Board to rule that article F was illegal. It challenges both the fact of illegality and the

Public Employment Relations Board's authority to make such a determination. An examination of the statute and case law, however, leads us to the conclusion that the association's arguments are not persuasive.

Article F is made illegal by clear and definitive statutory mandates. Section 202 of the Civil Service Law states: "Public employees shall have the right to form, join and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing." Thus, a teacher may not be compelled to form, join or participate in the petitioner's association. Such being the case, any forced payment of dues or their equivalent would be in violation of the law as constituting, at the very least, participation in an employee organization.

The Legislature made its intent, in enacting section 202 of the Civil Service Law, crystal clear by its further enactments. Thus, it is an improper employee practice: "to discriminate against any employee for the purpose of encouraging or discouraging membership in, or participation in the activities of, any employee organization" (Civil Service Law, § 209-a, subd. 1, par. [c]). Likewise, it is an improper employee organization practice: "to interfere with, restrain or coerce public employees in the exercise of the rights granted in section two hundred two, or to cause, or attempt to cause, a public employer to do so" (Civil Service Law, § 209-a, subd. 2, par. [a]). It would seem that nothing could be more definite or explicit. The Legislature was determined to protect a public employee's rights as enacted in section 202 of the Civil Service Law.

Having determined that an "agency shop" is illegal, we conclude that the Board of Education has no duty to negotiate concerning article F. This result is amply supported by relevant case law. Thus, in *Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington* v. *Associated Teachers of Huntington* (30 N Y 2d 122, 129), it was held that there was no duty to negotiate: "where some other applicable statutory provision explicitly and definitely prohibits the public employer from making an agreement as to a particular term or condition of employment."

Similarly, it was found in *Matter of Teachers Assn., Cent. High School Dist. No. 3 (Bd. of Educ., Cent. High School Dist. No. 3, Nassau County)* (34 A D 2d 351, 355), that an "express legislative restriction against bargaining" for a term of an employment contract negates any duty to negotiate.

Finally, we must determine whether the Public Employment Relations Board had the requisite authority to make the determination of illegality as to the disputed proposal. It is unquestioned that it has the power to determine whether the contending parties have failed to negotiate in good faith and, upon such a finding, to order the public employer or employee organization to bargain in good faith. (Civil Service Law, § 205, subd. 5, par. [d]; and § 209-a.) We hold that the Public Employment Relations Board, in order to carry out these responsibilities and in order to conform to the above statutory and case law, must necessarily have the authority to rule upon the legality of the subject matter of the negotiations.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., COOKE, KANE and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.