OPINION OF THE COURT
Elizabeth W. Pine, J.
Defendant La Marca, President of the Gates-Chili Teachers Association (GCTA), moves for an order declaring that the agency shop refund fee procedure adopted by that local union, and revised at the direction of this court (Warner v Board of Educ., 99 Misc 2d 251) is now in compliance with the order and judgment of this court dated June 20, 1979.[1]
*1022 The full text of the proposed revised refund procedure is set out below.* [2] Plaintiffs counsel has received express written assurance from defendant’s counsel that the revised refund procedure "contemplates a hearing before and determination by a neutral appointed by the Union” and that the appointment of the neutral will be "at no cost to the appellant”. Plaintiffs counsel advises the court that the revised refund procedure, with these stipulations, is satisfactory. Defendant’s instant motion, being unopposed based upon the afore-mentioned stipulations, is granted.
The court notes that each of the objecting nonunion members of plaintiffs bargaining unit has received agency fee refunds of $.80 from the GCTA, $.07 on behalf of New York State United Teachers (the State affiliate), and $.69 on behalf of the American Federation of Teachers (the national affiliate). The court notes that no issue is raised herein concerning either the sufficiency of these refunds, or the adequacy of the reports of defendant GCTA and its affiliates concerning the refunds.
Defendant’s motion for judgment confirming the revised *1023 refund procedure is granted. Submit order in accordance with this memorandum, without costs.

. Neither of the proposed orders submitted by the parties having been consistent with the original decision of this court, the court drew its own. After entry of that *1022 order, defendant requested and plaintiff consented to several adjournments of this motion. During that time, and for some time after the instant motion was made, the parties engaged in negotiation concerning the proposed revised refund procedure. More recently, the court was provided copies of the refund notices sent to all objecting nonunion members of defendant GCTA, and a breakdown of the amounts refunded.

. "Any person making service fee payments to the Union in lieu of dues under agency fee provisions in the Union’s Collective Bargaining agreement, shall have the right to raise a general objection to the expenditure of his/her portion of any part of an agency shop fee deduction which represents the employee’s prorata share, if any, of expenditures by the organization in aid of activities or cause of a political or ideological nature only incidentally related to terms and conditions of employment.
"Such objections shall be made, if at all, by the objector, individually notifying the Union President of his/her objections by registered or certified mail, during the period between September 1-15 of each year for expenditures made in the previous fiscal year.
"If the objector is not satisñed with the decision of the President, an appeal may be taken by such person to the Union Executive Cabinet within thirty (30) days following such decision (receipt of such rebate or receipt of notice of such allocation). The Executive Cabinet shall render a decision within thirty (30) days after hearing the appeal.
"If the objector remains unsatisfied with the decision of the Executive Cabinet, such person may appeal to a neutral party appointed by the Union, who shall render a determination. The Union, at its option, may consolidate all such appeals and have them resolved at one hearing to be held for that purpose.”