■ In the Matter of UNITED UNIVERSITY PROFESSIONS, INC., Appellant, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, Respondents. (And Another Proceeding.)—Appeal from a judgment of the Supreme Court at Special Term, entered August 8, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate an order issued by the Public Employment Relations Board. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which ordered petitioner to complete all appellate steps of its refund procedure for agency shop fee payments within stated time limits. Pursuant to section 208 (subd 3, par [a]) of the Civil Service Law petitioner is entitled to have deducted from the wages of employees in its negotiating unit who are not members of petitioner, an amount equivalent to the dues levied by petitioner. This deduction is permitted, however, only if petitioner establishes and maintains a procedure allowing for the refund to any employee demanding the return of any part of the deduction which represents the employee's pro rata share of petitioner's expenditures in aid of certain causes or activities (Civil Service Law, § 208, subd 3, par [a]). These deductions are known as agency shop fees. Petitioner established an agency shop fee refund procedure, and, thereafter, on October 27, 1977 an improper practice charge was filed with the Public Employment Relations Board (PERB) against petitioner, alleging that such procedure was invalid. In a decision dated August 23, 1978, PERB determined that petitioner's agency shop fee refund procedure was invalid and directed petitioner to revise the procedure in certain respects and also stated that it was retaining jurisdiction of the proceeding for such purposes as appear to be necessary to effectuate the policies of the act. Petitioner submitted a revised procedure to PERB, which approved the amended procedure in a decision dated September 15, 1978. Such acceptance was conditioned upon petitioner's submission of an appeal in the refund proceedings to a neutral party in an expeditious manner. On June 7, 1979, PERB determined that an investigation should be instituted to determine whether petitioner had failed to implement an agency shop fee refund procedure in an expeditious manner as previously required and ordered that petitioner show cause at a hearing why PERB should not order further remedies in the proceeding. Petitioner commenced a proceeding under CPLR article 78 seeking to vacate PERB's June 7, 1979 order. By a judgment entered August 8, 1979, Special Term dismissed petitioner's application and this appeal ensued. A hearing was held pursuant to PERB's June 7, 1979 order. On October 12, 1979, PERB issued a decision and order finding that the refund procedure had not been accomplished in an expeditious manner and establishing time limitations in which petitioner was required to complete the internal appellate steps provided for in its agency shop fee refund appeals procedure. Subsequently, petitioner commenced a proceeding under CPLR article 78 seeking to vacate PERB's order of October 12, 1979. That proceeding was transferred to this court and will be decided together with petitioner's appeal from Special Term's judg-

ment entered August 8, 1979, dismissing petitioner's application seeking to vacate PERB's June 7, 1979 order. On appeal from Special Term's judgment entered August 8, 1979, petitioner contends that PERB had no jurisdiction or authority to issue its order of June 7, 1979. It is argued that PERB's order of September 15, 1978 was a final one and that since no improper practice charge was thereafter filed, PERB lacked jurisdiction to issue any further orders concerning the matter. We disagree. PERB is invested with the power to establish procedures for the prevention of improper employee organization practices as provided in section 209-a of the Civil Service Law (Civil Service Law, § 205, subd 5, par [d]). Section 209-a of the Civil Service Law sets forth conduct constituting an improper practice. Section 205 (subd 5, par [j]) of the Civil Service Law grants PERB the power to hold such hearings and make such inquiries as it deems necessary to properly carry out its functions and powers. In our view, the filing of the improper practice charge on October 27, 1977, invoked the jurisdiction of PERB and such jursidction did not cease with the PERB order of September 15, 1978. That order conditioned approval of petitioner's refund procedure upon its submission of an appeal to a neutral party in an expeditious manner. Consequently, PERB had the authority to investigate whether such condition had been met (Civil Service Law, § 205, subd 5, par [j]). PERB's issuance of its order of June 7, 1979, therefore, was not improper and the judgment of Special Term entered August 8, 1979 dismissing petitioner's application seeking to vacate said order must be affirmed. In the proceeding under CPLR article 78 in which petitioner seeks to have PERB's order of October 12, 1979 vacated, it is again argued that PERB had no jurisdiction to issue its order of June 7, 1979 which directed the investigation and culminated in the order of October 12, 1979. As previously discussed, this argument is without merit. Petitioner also contends that since no timetable is set out by statute for the completion of the agency shop fee refund appeals procedure, PERB's order including such a timetable was arbitrary, capricious and in violation of law. PERB was not statutorily precluded from requiring such a timetable (Matter of Utica Cheese v Barber, 49 NY2d 1028). Authorization has been granted to PERB to fashion such procedures as will effectuate the purposes and provisions of the Taylor Law and, unless arbitrary and capricious, the exercise of its discretion will not be set aside (Matter of Jefferson County Bd. of Supervisors v New York State Public Employment Relations Bd., 36 NY2d 534, 538). From our review of the record, we are of the opinion that PERB's order of October 12, 1979 has a sound basis in reason and is neither arbitrary nor capricious. Furthermore, we conclude, contrary to petitioner's assertions, that PERB's finding that the refund appeals procedure was not being carried out in an expeditious manner is supported by substantial evidence. We have examined petitioner's remaining arguments and find them unpersuasive. Accordingly, petitioner's application seeking to vacate PERB's order of October 12, 1979 must be dismissed. Judgment, entered August 8, 1979, affirmed, without costs. Determination of Public Employment Relations Board, dated October 12, 1979, confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.