■ In the Matter of COUNTY OF ONONDAGA, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Determination unanimously confirmed, with costs. Memorandum: This proceeding pursuant to CPLR article 78 was transferred by order of the Supreme Court, Onondaga County, to review a determination of the respondent, New York State Public Employment Relations Board (PERB), dated April 10, 1979, which after a hearing, found that petitioner, County of Onondaga, had committed an improper employer practice by refusing to negotiate in good faith with respondent Onondaga County Chapter of the Civil Service Employees Association (CSEA). In furtherance of its decision, PERB ordered the County of Onondaga to (1) reinstate the practice of providing county-owned vehicles on a 24-hour basis to employees in the Division of Environmental Sanitation of the Department of Health; (2) reimburse the affected employees for reasonable expenses incurred by them in connection with their transportation to and from work at a 3% per annum interest rate, retroactive to February 14, 1977; (3) negotiate with CSEA, at its request, as to the use of county vehicles by employees in the Division of Environmental Sanitation of the Department of Health. There is substantial evidence in the record to support the board's determination that the improper practice charge was timely filed by CSEA and the finding that the county violated section 209-a (subd 1, par [d]) of the Civil Service Law when it unilaterally discontinued a past practice of providing county-owned vehicles on a 24-hour basis to employees in the Division of Environmental Sanitation. Remedies for improper employer and employee organization practices are peculiarly within the administrative competence of PERB (cf. *Matter of City of Albany v Helsby,* 29 NY2d 433). PERB's determination that employee use of an employer-owned car for personal purposes is an economic benefit and a term and condition of employment which cannot be unilaterally withdrawn is

reasonable and supported by substantial evidence. Since PERB's determinations were neither irrational, unreasonable nor otherwise affected by an error of law, those determinations should not be disturbed *(Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Witmer, JJ.