In the Matter of UNITED UNIVERSITY PROFESSIONS, INC., Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, Respondent.

Third Department, April 2, 1981

### APPEARANCES OF COUNSEL

*Bernard F. Ashe (Ivor R. Moskowitz* of counsel), for petitioner.

*Martin L. Barr (Jerome Thier* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J.

Petitioner, the United University Professions, Inc. (UUP), is a public employee organization certified under

the Taylor Law (Civil Service Law, art 14) as the exclusive representative of a collective negotiating unit encompassing professional services employees in the State University system. Accorded the right to have dues deducted from the salaries of its members upon presentation of authorization cards (Civil Service Law, § 208, subd 1, par [b]; § 201, subd 2), it is also "entitled to have deducted from the wage or salary of the employees in such negotiating unit who are not members of said employee organization the amount equivalent to the dues levied by such employee organization" (Civil Service Law, § 208, subd 3, par [a]). Respondent, the Public Employment Relations Board (PERB), is the agency charged with administering the Taylor Law and, in addition to other functions, it possesses a nondelegable responsibility to prevent improper employee organization practices (Civil Service Law, § 205, subd 5, par [d]). Based on a complaint by one Morris Eson, a member of the foregoing negotiating unit by reason of his position as a professor at the State University of New York at Albany, PERB found that petitioner engaged in an improper practice by paying for insurance covering its members without furnishing a similar benefit to those who, like Eson, had chosen not to join UUP. As relief, beyond providing for reimbursement to Eson, PERB effectively directed that UUP must either supply comparable insurance to all in the negotiating unit or reduce the agency shop fee it collected from nonmembers in an amount proportionate to the per member cost of such insurance. For the reasons which follow, we are persuaded that respondent's determination should be upheld.

From its enactment in 1967 (L 1967, ch 392), the Taylor Law has consistently specified that public employees "have the right to * * * refrain from forming, joining, or participating in, any employee organization" (Civil Service Law, § 202) and that it is an improper practice for an employee organization or its agents deliberately to "interfere with, restrain or coerce public employees in the exercise of the rights granted in section two hundred two" (Civil Service Law, § 209-a, subd 2, par [a]). Although the 1977 amendment enacting an agency shop for certain employees contains the proviso "[n]otwithstanding pro-

visions of and restrictions of sections two hundred two and two hundred nine-a of this article" (Civil Service Law, § 208, subd 3, par [a], as amd by L 1977, ch 677, § 3; see L 1977, ch 678), we have no difficulty in rejecting petitioner's argument that this language ousted PERB of any jurisdiction whatever over matters related to the deduction of agency shop fees. Significantly, UUP's contention overlooks another sentence of the same legislation: "Nothing herein shall be deemed to require an employee to become a member of such employee organization" (Civil Service Law, § 208, subd 3, par [a], as amd by L 1977, ch 677, § 3). Reading the entire statute, it seems plain that the Legislature intended to preserve an employee's right not to participate in an employee organization, except to the limited extent of being required to pay an agency shop fee equivalent to union dues (cf. *Matter of Farrigan v Helsby*, 42 AD2d 265). Since PERB's authority to curb improper practices was left intact, it would contravene the evident statutory policy if an employee organization were freely permitted to manipulate its affairs in a coercive manner under the guise of collecting an agency shop fee. Whether an otherwise improper practice was committed is, of course, another matter, but the continuing ability of PERB to examine the issue cannot be seriously doubted.

▮ Turning to the merits, we note initially that the underlying facts were undisputed. Petitioner utilized some of its revenues derived from membership dues and agency shop fees to purchase certain policies of group insurance covering only UUP members. It appears that the policies could not be written to cover nonmembers. Thus, as PERB observed, "some of the money collected * * * as an agency shop fee goes to purchase insurance policies for UUP members for which he [Eson] is not eligible." It concluded that "[b]y placing the non-member in the position of having to join the union or forego the substantial economic benefit for which he is paying, UUP commits a separate and independent act of coercion." We detect no irrationality in PERB's interpretation of the statutory framework or in its analysis of Eson's situation. UUP does not contend that the expenditure for insurance and, therefore, its coercive effect, was *de minimis;* it simply asserts that PERB has no business

interfering with the collection of agency shop fees so long as they are equivalent to membership dues. In support of this view, it stresses the existence of a possible "refund * * * which represents the employee's pro rata share of expenditures by the organization in aid of activities or causes of a political or ideological nature only incidentally related to terms and conditions of employment" (Civil Service Law, § 208, subd 3, par [a]) as the appropriate remedy for a nonmember who objects to the expenditures of an employee organization. While the refund procedure was probably designed to afford a degree of *constitutional* protection for dissenting nonmembers in conformity with *Abood v Detroit Bd. of Educ.* (431 US 209), there is nothing arbitrary in respondent's somewhat broader *statutory* interpretation of the Taylor Law in this regard (cf. *Matter of Howard v Wyman*, 28 NY2d 434), particularly when redress through the refund mechanism would not be available unless the challenged funding was for political or ideological activity. While we find it unnecessary to discuss or comment on all the elements of PERB's reasoning, we have no hesitancy in confirming the present decision insofar as it is based on the statutory right of a public employee to refrain from participating in an employee organization.

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., SWEENEY, CASEY and WEISS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.