■ In the Matter of UNITED UNIVERSITY PROFESSIONS, INC., Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which found that petitioner committed an improper labor practice in violation of section 209-a (subd 2, par [a]) of the Civil Service Law. Pursuant to section 208 (subd 3, par [a]) of the Civil Service Law, petitioner receives agency shop fee deductions from salaries of Professional Services Negotiating Unit employees who are not members of petitioner. Thomas Barry, a professor at the State University of New York, is in such category. Although not required to pay dues to petitioner (see Civil Service Law, § 201, subd 2), Mr. Barry must pay an agency shop fee equivalent to the dues which petitioner levies on its members (Civil Service Law, § 201, subd 2, par [b]; § 208, subd 3, par [a]). He is entitled, however, to a refund of that portion of the agency shop fee used by petitioner for activities of a political or ideological nature, only incidentally related to the terms and conditions of employment (Civil Service Law, § 208, subd 3, par [a]). Mr. Barry sought such a refund for 1977-1978 and received 76 cents. He appealed the refund in conformity with the three-level appeals procedure established by petitioner and approved by respondent Public Employment Relations Board (PERB). He requested financial information supporting the calculation of the refund so that he might support his challenge to the refund. This was not supplied to him by petitioner until the third step of the appeals process was held before a neutral party. Before a decision was tendered by the neutral hearing officer on Mr. Barry's challenge, Mr. Barry filed the instant unfair practice complaint with PERB. A hearing was held on his complaint, and the PERB hearing officer found that the failure to supply financial information when the refund was made constituted an improper practice in violation of section 209-a (subd 2, par [a]) of the Civil Service Law. The hearing officer ordered that petitioner furnish this information to all people who applied and received refunds in the 1977-1978 and 1978-1979 fiscal year. PERB affirmed the decision but modified the remedy by requiring divulgence of financial information with respect to future refunds only. The instant proceeding ensued. The issues presented in this proceeding are (1) does PERB have jurisdiction of the dispute; (2) was the determination of PERB that petitioner committed an improper practice when it failed to provide timely financial information to an agency shop fee payer explaining the basis of the refund supported by substantial evidence; and (3) was the remedy ordered by PERB appropriate to the nature of the improper practice violation. Petitioner urges that the law does not require it to supply justification for the amount of refunds and consequently PERB has no jurisdiction over the matter. However, petitioner construes section 208 (subd 3, par [a]) of the Civil Service Law too narrowly. PERB has been given broad power to prevent improper practices (Civil Service Law, § 205, subd 5, par [d]). Included properly in the ambit of PERB's authority to prevent unfair practices is control over agency shop fee deductions (see Matter of United Univ. Professions v Newman, 77 AD2d 709, mot for lv to app den 51 NY2d 707). We conclude then that PERB has the requisite jurisdiction and authority to resolve the challenge to petitioner's practice of handling refunds brought by Mr. Barry. Petitioner next urges that because there is no statutory requirement of justification of refund amounts, PERB's determination of improper practice was erroneous. The scope of our review of PERB's interpretation of the Civil Service Law is very limited. This court cannot substitute its interpretation for that of PERB unless the decision is arbitrary, capricious, illegal or an abuse of discretion (CPLR 7803, subd 3;

*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404). PERB's finding that petitioner's failure to provide financial information justifying the refund was an improper practice in violation of an employee's right to "refrain from * * * joining, or participating in, any employee organization" is reasonable (see Civil Service Law, §§ 202, 209-a, subd 2, par [a]). Without access to financial information used to calculate the refund, Mr. Barry and others similarly situated would be unable to mount an effective challenge to the refund and to ensure compliance with section 208 (subd 3, par [a]) of the Civil Service Law. We do not deem PERB's prior approval of petitioner's refund appeals procedure to preclude it from investigating an improper practice charge with respect to that procedure (see *Matter of United Univ. Professions v Newman,* 77 AD2d 709, *supra*). Also to no avail is petitioner's claim that Mr. Barry's failure to exhaust petitioner's appeals process forecloses the instant challenge as premature. The instant unfair practice complaint deals with an entirely different issue from that presented in the refund appeals procedure. Finally, we conclude that the remedy adopted by PERB was proper and well suited to prevent future improper practices. PERB has the power to "establish procedures for the prevention of improper * * * employee organization practices" (Civil Service Law, § 205, subd 5, par [d]). Remedies for improper practices are peculiarly within the administrative competence of PERB (*Matter of City of Albany v Helsby,* 29 NY2d 433) and should be upheld if reasonable (*Matter of County of Onondaga v New York State Public Employment Relations Bd.,* 77 AD2d 783). We find the other arguments raised by petitioner to be without merit. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.