■ In the Matter of the PUBLIC EMPLOYEES FEDERATION, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which determined that petitioner had committed an improper labor practice in violation of section 209-a (subd 2, par [a]) of the Civil Service Law. Messrs. Ratterman, Chambers, Cooper and Grantieri were employees of New York State in the Professional, Scientific and Technical Unit in which petitioner is the collective bargaining organization. Although they are not required to pay dues (see Civil Service Law, § 201, subd 2), they must pay an agency shop fee equivalent to dues which petitioner collects from its members (Civil Service Law, § 201, subd 2, par [b]; § 208, subd 3, par [a]). These four nonunion employees made timely demand upon petitioner in early 1980 for refunds of that portion of the agency shop fee collected from them during the 1979-1980 fiscal year used by petitioner for activities of a political or ideological nature only incidentally related to the terms and conditions of employment (Civil Service Law, § 208, subd 3, par [a]). On or about November 18, 1980, checks in the sum of $3.44 were drawn and mailed to each of the four employees together with a covering letter. Each returned the checks to petitioner which considered the returns to be appeals and, following review by its executive board, petitioner mailed the checks back to the employees. Each man again returned the checks to petitioner and filed an improper practice charge against petitioner alleging violation of section 209-a (subd 2, par [a]) of the Civil Service Law, charging that petitioner failed to submit simultaneously with the refund checks a complete and detailed explanation of financial disclosure, thus interfering with their right to request and receive a full refund. The hearing officer, relying upon *Hampton Bays Teachers Assn.* (14 PERB 3018) and *Matter of United Univ. Professions (Barry)* (13 PERB 3090), held that failure to provide the financial information *simultaneously* with a refund constituted a failure to maintain a proper refund procedure required by section 208 (subd 3, par [b]) of the Civil Service Law, and was thus an improper practice in violation of sections 202 and 209-a (subd 2, par [a]) of that statute. The hearing officer ordered petitioner to refund the total agency fees collected for 1979-1980 together with interest at 6%, and further ordered that, in the future, petitioner provide simultaneously with refunds an itemized audited financial statement of receipts and disbursements indicating the basis of its determinations of the amount of refunds. The order also required

petitioner to post a particular notice to all unit employees. Respondents affirmed the hearing officer's decision and the instant proceeding ensued. The issues presented are whether respondents' determination is rational and not contrary to law, supported by substantial evidence, and whether the remedial order was arbitrary and capricious. It is well established that the Public Employment Relations Board (PERB) has been given broad powers to prevent improper practices (Civil Service Law, § 205, subd 5, par [d]). Included within the ambit of PERB's authority to prevent unfair practices is control over agency shop fee deductions (*Matter of United Univ. Professions v Newman,* 77 AD2d 709, mot for lv to app den 51 NY2d 707). At issue is PERB's interpretation of section 208-a (subd 3, par [b]) of the Civil Service Law, which permits agency shop fee deductions from nonunion members only so long as the union has established and maintains a procedure providing for the refund to any employee demanding the return of any part of the said deduction which represents the employee's pro rata share of expenditures by the organization in aid of activities or causes of a political or ideological nature only incidentally related to terms and conditions of employment. PERB has previously determined that at the time of making refunds to objectors who make application therefor, an itemized audited statement of the complete receipts and expenditures of a union or any of its affiliates who receive agency shop fee deductions, together with the basis for the determination of the amount of the refund including identification of those items of expense determined to be refundable, must be furnished simultaneously with the refund (see *Matter of United Univ. Professions [Barry],* 13 PERB 3090, *supra; Matter of United Univ. Professions v Newman,** 86 AD2d 734, mot for lv to app den 56 NY2d 504). The board has further determined, as confirmed by this court, that failure to furnish full financial disclosure simultaneously with a refund check is a violation of section 209-a (subd 2, par [a]) of the Civil Service Law, which equates to a public employee organization's interference with, restraint or coercion of public employees in the exercise of their rights granted in section 202 of the Civil Service Law, thus constituting an improper practice (*Matter of United Univ. Professions v Newman,* 86 AD2d 734, *supra*). It is clear from both *Matter of United Univ. Professions* cases and this record that PERB has not only formulated agency policy but also a more detailed interpretation of statutory requirements, both of which functions are within the scope of its authority (see *National Labor Relations Bd. v Wyman Gordon Co.,* 394 US 759, 765-766; *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398). Petitioner contends that it was unaware of respondents' interpretation that full financial disclosure be made simultaneously with refund checks until after respondents' decision in *Matter of United Univ. Professions (Barry)* (13 PERB 3090, *supra*), which was decided November 11, 1980, but not made known to the parties in this proceeding until November 17, 1980, just before it mailed the refund checks, and that absent such knowledge, it should not be bound by the strict time requirement. We disagree. Whether PERB relied upon its determination in the *Barry* case is not controlling here because "[a]s the agency charged with implementing the fundamental policies of the Taylor Law, the board is presumed to have developed an expertise and judgment that requires us to accept its construction if not unreasonable" (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404-405, *supra*). The scope of judicial review here is limited and unless the determination was affected by error of law, we may not interfere (CPLR 7803, subd 3), and so long as the interpretation is legally permissible, absent a breach of constitutional rights

---

* Note that this is an entirely different case than the previous *United Univ. Professions* case cited at 77 AD2d 709.

and protections, we are without power to substitute another interpretation (*Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50). Moreover, the record contains substantial evidence which petitioner's brief does not dispute, to support the finding that the charging employees never were given a financial statement or information relating to the method of calculation used to determine the amount of the refund. Finally, we must consider whether the penalty imposed was proper. Remedies for improper practices are peculiarly within the administrative competence of PERB (*Matter of City of Albany v Helsby,* 29 NY2d 433) and should be upheld if reasonable (*Matter of County of Onondaga v New York State Public Employment Relations Bd.,* 77 AD2d 783). Petitioner argues it was arbitrary and capricious for PERB to order the total refund because PERB relied on a presumption that petitioner had knowledge of PERB's decision in the *Barry* case (*Matter of United Univ. Professions [Barry],* 13 PERB 3090, confirmed *sub nom. Matter of United Univ. Professions v Newman,* 86 AD2d 734, mot for lv to app den 56 NY2d 504). Prior to the *Barry* decision, PERB, in similar cases, had ordered only *future disclosure* and posted notice in improper practice cases (e.g., *Matter of Westbury Teachers Assn. [Handy],* 14 PERB 3063). In *Matter of Professional Staff Congress (Rothstein)* (15 PERB 3012), PERB referred to the *Barry* case and specifically stated that violations occurring *before* the *Barry* decision should not bear the penalty of full refund. In the case at bar, the refund checks were issued on November 25, 1980. Although PERB's decision in *Barry* is dated November 11, 1980, it appears the decision was not received by the litigants until November 17, 1980. PERB presumed petitioner had notice of the *Barry* decision before mailing the checks on November 25, 1980, because one of the litigants in *Barry* was an affiliate of petitioner. This presumption was not presented at the hearing on June 30, 1981, nor was petitioner made aware that it would be held to such presumption, nor given opportunity to rebut it. While in future cases public employee unions will be unable to assert the defense of lack of knowledge of PERB's position, we here hold that petitioner should not be unduly penalized for past actions taken in good-faith reliance upon PERB's previous determinations (see *National Labor Relations Bd. v Bell Aerospace Co.,* 416 US 267, 295). The imposition of the penalty of full refund was, therefore, arbitrary and an abuse of discretion and petitioner should be required to furnish an itemized and audited statement to each of the four charging employees within 30 days of the date of the order to be entered hereon. Determination modified, by annulling so much thereof as ordered full refund to the charging parties of the agency fee paid by each for 1979-1980, and by substituting therefor a requirement that an itemized, audited statement of petitioner's receipts and disbursements indicating the basis for the determination of the refund be given to each charging party within 30 days, and, as so modified, confirmed. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.