OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned article 78 proceeding, petitioner seeks a judgment annulling a determination of the Public Employment Relations Board (PERB) in case No. U-7684, dated January 2, 1985.
Petitioner is a professor employed by the State University of New York. As such, he is required to pay an agency shop fee to the United University Professions, Inc., as his designated bargaining unit. An agency fee equal to the amount of union dues otherwise payable is deducted from petitioner’s salary. Petitioner applied for a refund of that portion of the fee which represents “the employee’s pro rata share of expenditures by the organization in aid of activities or causes of a political or idealogical nature only incidentally related to terms and conditions of employment.” (Civil Service Law § 208 [3] [a].) Upon receipt of his refund, petitioner instituted an improper practice charge with respondent, challenging the amount of the refund and alleging that the United University Professions’ actions constituted an improper practice. PERB ultimately dismissed the proceeding upon a finding that it did not have jurisdiction to determine whether the amount of the refund of an agency shop fee is accurate.
*387 It is hornbook law that PERB has been given exceedingly wide latitude in construing the provisions of the Civil Service Law, commonly known as the Taylor Law (Matter of City of Albany v Helsby, 38 NY2d 778). This court is without authority to alter a determination unless it breaches constitutional protections or is without a rational basis (Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46).
Agency shop fees are of relatively recent vintage, having been authorized in this State with the amendment of the Civil Service Law by the addition of section 208 (3). To comply with constitutional protection (cf. Abood v Detroit Bd. of Educ., 431 US 209), the Legislature has provided for a refund procedure to ensure that an employee’s fees are not utilized to further political or idealogical causes which he or she finds objectionable. It is clear that PERB has jurisdiction to ensure that a refund program is procedurally correct (Matter of United Univ. Professions v Newman, 86 AD2d 734). However, concerning the amount of the refund, respondent has consistently refused to entertain such charges (Matter of Hampton Bays Teachers Assn., 14 PERB 1Í 3018). This interpretation of the statute is rational. The Legislature is certainly aware of the determination and has the means to expand PERB’s parameters in this regard, if it so desires. Petitioner’s remedy, if any, lies in the lawmaking process, a function which this court declines to assume.