■ In the Matter of SAMUEL J. BODANZA, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and UNITED UNIVERSITY PROFESSIONS, Intervenor-Respondent.— Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered June 12, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent ruling that it did not have jurisdiction to consider the accuracy of the amount of petitioner's agency shop refund.

The intervenor in this action, United University Professions (UUP), is the exclusive bargaining representative for petitioner's bargaining unit of employees. While he was not required to pay union dues to UUP, petitioner did have to pay an agency shop fee equivalent to dues collected by UUP from its members (see, Civil Service Law § 201 [2] [b]; § 208 [3] [a]). Pursuant to Civil Service Law § 208 (3) (a), petitioner applied

to UUP for a refund of that portion of the agency shop fee collected from him which was used by UUP for "activities * * * of a political or ideological nature only incidentally related to terms and conditions of employment" (Civil Service Law § 208 [3] [a]).

Petitioner thereafter received a refund from UUP and, dissatisfied with the amount of that refund, ultimately filed an improper practice charge against UUP with respondent, the Public Employment Relations Board (PERB). PERB dismissed the charge on the ground that it lacked jurisdiction to review the accuracy of an amount refunded under Civil Service Law § 208 (3) (a). Petitioner commenced this CPLR article 78 proceeding seeking to have PERB's determination annulled. Special Term dismissed the petition, and this appeal ensued.

We affirm. It is well settled that "PERB's jurisdiction encompasses only those matters specifically covered by the Taylor Law [Civil Service Law art 14]" (Matter of Zuckerman v Board of Educ., 44 NY2d 336, 343). While PERB has exclusive jurisdiction over the improper labor practices set forth in Civil Service Law § 209-a, many other disputes fall outside PERB's jurisdiction (supra, at p 342). This court has heretofore held that PERB's jurisdiction over improper labor practices includes the power to review the sufficiency of the actual structure of agency shop fee refund procedures (see, Matter of Public Employees Fedn. v Public Employment Relations Bd., 93 AD2d 910; Matter of United Univ. Professions v Newman, 86 AD2d 734, lv denied 56 NY2d 504; Matter of United Univ. Professions v Newman, 77 AD2d 709, lv denied 51 NY2d 707; see generally, Chicago Teachers Union v Hudson, 475 US —, 89 L Ed 2d 232). A reading of such decisions of this court and pertinent statutory provisions instructs us that it is an improper practice for a union to collect agency shop fees without having in place a proper procedure to refund a portion of those fees pursuant to Civil Service Law § 208 (3) (a). However, PERB has determined that its jurisdiction does not extend to cases such as the instant one, where the only question raised concerns the accuracy of the amount of a refund (see, Matter of Hampton Bays Teachers Assn., 14 PERB ¶ 3018). Since we cannot say that PERB's interpretation of the Taylor Law as not granting it jurisdiction over cases such as these is "affected by an error of law" or "arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see, Civil Service Law § 213; see also, Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., 48 NY2d 398, 404), we, like Special Term, decline to interfere with PERB's

determination. We do so after having concluded that petitioner's constitutional rights and protections will not be breached as a result of PERB's determination *(see, Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra,* p 404), since petitioner is now free to commence an action asserting his claim against UUP directly *(see, Handy v Westbury Teachers Assn.,* 104 AD2d 923, 925-926).

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.