OPINION OF THE COURT
Joseph D. Valentino, J.
The defendant moves for summary judgment dismissing plaintiffs claim because the action is barred by the four-month Statute of Limitations (CPLR 217 [2] [a]). The plaintiff argues that even if the Statute of Limitations has expired, it nevertheless has a contractual claim worthy of the application of the six-year Statute of Limitations (CPLR 213).
FACTS
Plaintiff, Ernest Miller, has been an employee of the Rochester Fire Department since 1968. The defendant is a labor organization designated as the exclusive bargaining agent for the fire department. The plaintiff has been a member of the defendant organization since beginning work with the fire department. However, for the time period from about 1980 through 1993, the plaintiff had an agency shop status, whereby he paid the union dues but was not entitled to the entire benefits of a full union member.[1] It is alleged that during that time period the plaintiff paid approximately $3,395.17 in fees to the defendant.
Civil Service Law § 208, which provides for the collection of the agency shop fees, requires that the employee organization shall have "established and maintained a procedure providing for the refund to any employee demanding the return any part of an agency shop fee deduction which represents the employee’s pro rata share of expenditures by the organization in aid of activities or causes of a political or ideological nature *408 only incidentally related to terms and conditions of employment.”[2] (Civil Service Law § 208 [3] [a].)
During pretrial deposition, it was revealed that sometime between March and September of 1992 the plaintiff realized that he was entitled to a refund and thereby began a long negotiation phase between the parties as to the validity of plaintiffs claim. However, in June of 1993 when it became clear that the issue could not be resolved, the plaintiff initiated this action. In his complaint, the plaintiff estimated that about 50% to 60% of the fees paid by plaintiff to defendant were in aid of activities or causes of political or ideological nature which the plaintiff was entitled to a refund of under section 208 of the Civil Service Law and the collective bargaining agreement. The plaintiff is requesting a sum of $2,037.10.
CONCLUSIONS OF LAW
Summary judgment is appropriate when no genuine triable issue of material fact exists between the parties and the movant is entitled to judgment as a matter of law (CPLR 3212; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324).
To defeat a motion for summary judgment, the opposing party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests (Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967). On the motion for summary judgment, the facts appearing in the movant’s papers are deemed accurate and admitted by an opposing party unless controverted by admissible proof (Kuehne & Nagel v Baiden, 36 NY2d 539).
In the instant case, the defendant asserts that the failure of the union to establish a procedure for the refund of agency shop fees is similar to a union’s duty of fair representation, and therefore the plaintiff’s claim is barred by the four-month Statute of Limitations (CPLR 217 [2] [a]).
In 1987, the Court of Appeals held that the six-year Statute *409 of Limitations applied to actions for a union’s breach of duty of fair representation (Baker v Board of Educ., 70 NY2d 314). It did so because at that time neither the Taylor Law (Civil Service Law § 200 et seq.) nor the CPLR prescribed a specific Statute of Limitations period applicable to such actions. However, in response to the Baker case, the Legislature amended CPLR 217 and created a four-month limitations period for causes of action alleging a breach of the union’s duty to fairly represent its members.[3]
The defendant argues the four-month Statute of Limitations should apply and bar plaintiffs claim, because the union’s failure to establish a refund procedure is "parallel” to a union’s duty of fair representation. In support of its claim, the defendant cites Matter of United Univ. Professions v Newman (80 AD2d 23). That case is not entirely dispositive of the issue. In Newman, the Court only affirmed the Public Employment Relations Board’s (PERB) determination that the union had engaged in an improper labor practice by using the union members’ dues and agency shop fees in purchasing group insurance policy for union members only and not agency shop employees (supra, at 25-26).
The duty of fair representation arises out of Civil Service Law § 203, which provides public employees with "the right to be represented by employee organizations, to negotiate collectively with their public employers in the determination of their terms and conditions of employment, and the administration of grievances arising thereunder.” In order to state a claim under this theory the plaintiff must allege facts that show either arbitrary, discriminatory or bad-faith conduct on the part of the union (see, e.g., Kleinmann v Bach, 195 AD2d 736; Altimari v Parker, 189 AD2d 982).
Pursuant to the ^Taylor Law, an employee can bring an improper practice charge against a union (Civil Service Law § 209-a [2]). Such charges are to be brought to the attention of PERB within four months of the improper practice (4 NYCRR *410 204.1).[4] When charges that deal with a union’s refund mechanism are brought, courts seem sympathetic to the employee’s situation and are willing to declare such charges as improper. For instance, in Matter of Bodanza v Public Empl. Relations Bd. (119 AD2d 917) the Court held that "it is an improper practice for a union to collect agency shop fees without having in place a proper procedure to refund a portion of those fees pursuant to Civil Service Law § 208 (3) (a).” (119 AD2d, at 918.) In another case, the Court affirmed (1) PERB’s determination that a union’s refund procedure was invalid, and (2) PERB’s order that the union revise its procedure (Matter of United Univ. Professions v Newman, 77 AD2d 709). Finally, in Matter of Public Empls. Fedn. v Public Empl. Relations Bd. (93 AD2d 910) the Court affirmed PERB’s determination that the union’s failure to provide financial information simultaneously with a refund constituted a failure to maintain a proper refund procedure as required by Civil Service Law § 208, and was therefore an improper practice under Civil Service Law § 209-a.
 Concerning the case at hand, had the plaintiff filed improper practice charges with PERB, the plaintiff most likely would have prevailed. The plaintiff admitted that he learned of the union’s failure to set up a procedure for refunds sometime between March and September of 1992. However, there is nothing in the record that indicates that plaintiff ever filed any charges with PERB. Even if the court were to determine that the plaintiff learned of the improper practice in September 1992, the plaintiff’s time to file charges would still be barred. Moreover, the fact that the time to file has expired is of no consequence since the fault rests solely on plaintiff. Because of its neglect, the plaintiff now contends that even if he is barred under the four-month limitation period, he nevertheless has a viable contractual claim as a third-party beneficiary of the collective bargaining agreement between the defendant and the City of Rochester.[5] However, the plaintiff *411 misconstrues the notion behind the four-month period. As the Court of Appeals and legislative history indicate, public policy requires that labor disputes be resolved expeditiously because interpretation of collective bargaining agreements which come into question years after the incident has occurred, create unworkable solutions (see, Baker v Board of Educ., 70 NY2d, at 322, supra; Mem of Governor’s Program Bill, Bill Jacket, L 1990, ch 467). Therefore, the court must take the Legislature’s policy reasons for the special creation of a short time period for resolving labor disputes as dispositive, and hold plaintiff’s contractual theory meritless. Therefore, this court grants defendant’s motion for summary judgment dismissing plaintiffs claim because action is barred by four-month Statute of Limitations.

. Under Civil Service Law §201 (2) (b), agency shop fee deduction is defined as the "obligation or practice of a government to deduct from the salary of a public employee who is not a member of the certified or recognized employee organization which represents such employee for the purpose of collective negotiations * * * an amount equivalent to the amount of dues payable by a member.”

. The collective bargaining agreement between the defendant and the City of Rochester also contains a similar covenant whereby the defendant affirms that it has established and maintains such a refund procedure.

. The statute states that "[a]ny action or proceeding against an employee organization subject to article fourteen of the civil service law or article twenty of the labor law which complains that such employee organization has breached its duty of fair representation regarding someone to whom such employee organization has a duty shall be commenced within four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever, is later.” (CPLR 217 [2] [a].)

. PERB has also determined that the four-month period begins to run from the date the charging party knows or should have known that the union had engaged in an improper practice (see, e.g., Matter of McLaughlin, 22 PERB 3012).

. The third-party beneficiary rule states that a party not in privity to the contract can nevertheless enforce a contract entered into between others for his benefit (see, Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652). There is no doubt that a collective bargaining agreement between a union and the employer is a contract intended to benefit the members, and *411 consequently a member is considered a third-party beneficiary who can enforce the contract (see, e.g., Hudak v Hornell Indus., 304 NY 207; Gulla v Barton, 164 App Div 293).