■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Petitioners, v HAROLD R. NEWMAN, as Chairman of the Public Employment Relations Board of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which dismissed three improper practice charges brought by petitioners. The issue to be decided in this proceeding to review a determination of respondent Public Employment Relations Board (PERB) is whether respondent properly concluded that petitioner Civil Service Employees Association (CSEA) waived its right to negotiate the impact of a State University policy directive, which ordered certain nonessential employees to not report to work on the day following Thanksgiving, and to either charge the absence to accrued leave, if any, or be placed on leave without pay. Initially, CSEA was the only union involved, but, after petitioner Public Employees Federation (PEF) began representing certain employees in 1979, it intervened in the case. The directive was first issued in October, 1975, and CSEA responded by filing a contract grievance demanding arbitration. The arbitrator found, in an award dated May 7, 1976, that the directive did not violate the contract and denied the grievance. In the meantime, negotiations for the contracts to take effect in April, 1976 had commenced. At those negotiations, CSEA submitted a proposal which provided that employees who are directed to not report to work would not have their absences charged to leave accruals. While there was discussion on this proposal in negotiations, it was not included in the agreement ultimately reached, which became effective on April 1, 1976. In the years 1976, 1977 and 1978, the State University made a similar directive. CSEA, in each of these years, subsequent to the directives, filed improper practice charges, alleging that the university failed to negotiate in good faith in that it changed a term and condition of employment without first negotiating. At no time subsequent to the directive in 1976 did petitioners demand negotiations concerning the right of the State to order the absences without pay. In January, 1977, the university moved to dismiss the 1976 improper practice charge on the ground that prior arbitration awards disposed of the issue. In denying that motion, a hearing officer found, *inter alia*, that the State had committed an improper practice unless CSEA had waived its right to negotiate the matter. On March 30, 1978, respondent PERB issued an interim ruling affirming the hearing officer's determination and remitted the matter for a decision on the merits. The hearing officer then concluded that CSEA had not waived its right to negotiate and that the leave policy was an improper practice. Respondent, in its decision issued July 15, 1980, reversed the hearing officer and dismissed the improper practice charges holding that "the totality of CSEA's conduct in 1975, 1976 and 1977 constituted a waiver of its right to negotiate the impact of the State's directed absences". The instant article 78 proceeding ensued. At the outset, we note that because CSEA negotiated the directed leave issue in 1976, the improper practice charge for that year was properly dismissed. Clearly, in that year the university did not change a term and condition of employment without first negotiating. In the following years, however, the directed leave policy was not negotiated, thus the issue of whether CSEA waived its right to negotiate in those years remains. In deciding the issue raised in this proceeding, we are aware that our review is limited. Respondent's determination must be upheld unless it was affected by an error of law, was arbitrary or capricious or is not supported by substantial evidence (CPLR 7803; *Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398, 404; *Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50). However, the record

here does not support PERB's finding that "the totality of CSEA's conduct * * * constituted a waiver of its right to negotiate". "'A waiver is "the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it" [citations omitted]' " (*City of New York v State of New York,* 40 NY2d 659, 669). Such a waiver must be clear, unmistakable and without ambiguity. This record contains no evidence of an explicit, unmistakable, unambiguous waiver of CSEA's right to negotiate. CSEA's failure to demand negotiations may have been inexplicable, but it should not be construed as a waiver. Respondent improperly imputed to CSEA the intent to waive its right to negotiate by virtue of its failure to demand negotiations. The determination of respondent is not supported by substantial evidence. It must therefore be annulled and the matter remitted for further proceedings in accordance herewith. Petition granted, to the extent that the determination dismissing the improper practice charges for the years 1977 and 1978 is annulled, with costs; matter remitted to the Public Employment Relations Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Mikoll and Levine, JJ., concur.

Casey, J., dissents and votes to confirm in the following memorandum.

Casey, J. (dissenting). In view of CSEA's failure to pursue its rights to demand negotiations concerning the subject matter of the instant unfair labor practice over a substantial period of time during which the employer annually repeated the activity complained of, PERB's finding that CSEA intentionally relinquished a known right has a rational basis, and its determination, therefore, is supported by substantial evidence and must be confirmed.