61 N.Y.2d 1001 (1984)
In the Matter of Civil Service Employees Association, Inc., et al., Respondents,
v.
Harold R. Newman, as Chairman of the Public Employment Relations Board of the State of New York, et al., Respondents, and Clifton R. Wharton, Jr., as Chancellor of the State University of New York, et al., Appellants.
Court of Appeals of the State of New York.
Argued February 14, 1984.
Decided March 27, 1984.
Robert Abrams, Attorney-General (John Q. Driscoll and Peter H. Schiff of counsel), for appellants.
Jerome Thier and Martin L. Barr for Harold R. Newman, as Chairman of the Public Employment Relations Board and others, respondents.
Marjorie E. Karowe for Civil Service Employees Association, Inc., respondent.
James R. Sandner and Susan Bloom Jones for Public Employees Federation, respondent.
Concur: Chief Judge COOKE and Judges WACHTLER, MEYER, SIMONS and KAYE. Judge JASEN dissents and votes to reverse in an opinion in which Judge JONES concurs.
Determination appealed from and order of the Appellate Division brought up for review affirmed, with costs, for reasons stated in the memorandum of the Appellate Division (88 AD2d 685).
JASEN, J. (dissenting).
The question presented on this appeal is whether the July 15, 1980 determination of the Public Employment Relations Board (PERB) has a rational *1004 basis and was supported by substantial evidence. I would hold that it does and, therefore, would reverse the order of the Appellate Division and reinstate the original determination of PERB.
The scope of the court's review of PERB's interpretation of the actions taken or not taken by CSEA on the "directed absence" issue, and the inferences to be drawn from such failure to take action, is a limited one. (Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., 48 N.Y.2d 398.)
Simply stated, unless the Board's determination was "affected by an error of law", a claim not made by petitioners, was "arbitrary and capricious" or was not supported by substantial evidence, we will not interfere. (CPLR 7803, subds 3, 4.) "So long as PERB's interpretation is legally permissible and so long as there is no breach of constitutional rights and protections, the courts have no power to substitute another interpretation". (Matter of West Irondequoit Teachers Assn. v Helsby, 35 N.Y.2d 46, 50.) "As the agency charged with implementing the fundamental policies of the Taylor Law, [PERB] is presumed to have developed an expertise and judgment that requires us to accept its construction if not unreasonable". (Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra, at p 404.)
How can it be said, as a matter of law, as the majority does, that PERB's determination was irrational and unsupported by the evidence? The facts are not in dispute  only the inferences to be taken from the facts may be argued, but that is exclusively for the trier of the facts (in this case PERB)  and we cannot disturb their findings unless completely irrational.
Since there clearly was a rational basis for PERB's determination that the CSEA waived its right to challenge the 1977 and 1978 SUNY directives by failing to request that the "directed absence" policy contained therein be placed on the negotiating table in 1977 and 1978 even though the union was well aware that the policy had been and would continue to be enforced, the determination should be reinstated. The reasonableness of PERB's determination becomes even clearer when viewed as part of the *1005 continuous union-SUNY negotiating process. In 1976, the CSEA sought to negotiate an end to SUNY's "directed absence" policy contained in its 1976 directive, but was unable to do so. Thereafter, when the union sought to challenge that policy, PERB determined that the union had waived its right to do so. This court today unanimously agrees that that determination was rationally based. The majority, however, also holds PERB's determination that the union similarly waived its right to challenge the 1977 and 1978 directives to be irrational where the CSEA obviously knew of the "directed absence" policy and had been advised by SUNY officials that it was to continue, yet never challenged it at the bargaining table; indeed, the union never even asked that it be made a subject of negotiation in 1977 and 1978.
Because I believe it was entirely reasonable for PERB to find that the union's actions constituted a waiver of its right to challenge the 1977 and 1978 directives, I vote to reinstate PERB's original determination in its entirety.
Determination appealed from and order of Appellate Division brought up for review affirmed, etc.