(January 9, 1986)

■ In the Matter of STATE OF NEW YORK, GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS, Petitioner, v PUBLIC EMPLOYMENT

RELATIONS BOARD et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that the State University of New York at Albany had engaged in an improper employer practice.

This matter was previously before us (Matter of Civil Serv. Employees Assn. v Newman, 88 AD2d 685, affd 61 NY2d 1001). In that proceeding, we reversed the determination of the Public Employment Relations Board (PERB) which dismissed three improper practice charges against the State University of New York at Albany (SUNYA) for the years 1977 and 1978, and remitted the matter to PERB for further proceedings. On remittal, PERB determined that SUNYA committed improper practices in 1977 and 1978 in violation of Civil Service Law § 209-a (1) (d) by directing that certain employees should not report to work on the day after Thanksgiving and should charge the absence to accrued leave or take leave without pay. In addition, PERB ordered SUNYA to end the directed absence practice and ordered reimbursement to those employees who had not requested a day off on the Friday after Thanksgiving and were present at work on the Wednesday before and the Monday after the holiday. The instant CPLR article 78 proceeding, which challenges PERB's finding that SUNYA had engaged in an improper employment practice, then followed.

Respondents have raised the doctrines of res judicata and collateral estoppel as bars to the instant proceeding. It is respondents' contention that all of the grounds by which petitioner seeks to annul PERB's determination are the same grounds raised as defenses in its answer to the improper practice charges and upon which it based a motion to dismiss the charges when the proceeding was before PERB the first time. That motion was denied on March 30, 1978 and, on July 15, 1980, PERB issued its decision dismissing the charges on the basis that respondent Civil Service Employees Association (CSEA) had waived its right to negotiate. It is urged that petitioner had the opportunity in the previous article 78 proceeding but did not assert the grounds it now propounds.

We conclude that res judicata does not foreclose the instant proceeding. Res judicata requires a valid final judgment on the merits in order to be effective (Siegel, NY Prac § 444, at 589). The interim PERB decision of March 30, 1978 was not a final judgment on the merits since its only effect was to affirm the

hearing officer's denial of a motion to dismiss *(see,* Siegel, NY Prac § 445, at 590). The decision of July 15, 1980 was, on the other hand, a valid final decision to which the concept of res judicata might apply. However, that decision was in petitioner's favor and petitioner had no right to commence an article 78 proceeding because it was not an aggrieved party *(see,* Civil Service Law § 213 [a]). Petitioner's present claims were not disposed of in the PERB decision of July 15, 1980 and they could not have been raised by petitioner in the first article 78 proceeding brought by CSEA. These issues were not disposed of by PERB until its next determination following remittal from this court. Petitioner's claims are therefore not barred by res judicata.

Petitioner asserts that certain actions taken by PERB, i.e., its refusal to defer to earlier arbitration awards, its refusal to recognize SUNYA's contractual right to direct absences and its determination that directing absences without pay or with accrued leave is a mandatory subject of negotiation, were arbitrary and capricious and unsupported by substantial evidence.

This court has a limited scope of review of PERB's decision *(see, Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 404). Addressing petitioner's contentions ad seriatim, we find that PERB's refusal to defer to the arbitrator's determination was not in contravention of its deferral policy as enunciated in *Matter of New York City Tr. Auth. (Transport Union Workers —Bodansky)* (4 PERB ¶ 3031). The question determined by the arbitrator was simply that nothing in the agreement between the parties prohibited SUNYA's action. The issue before us, namely, whether SUNYA's action affected a term of employment and was subject to Civil Service Law § 209-a (1) (d), was not addressed by the arbitrator.

Petitioner contends that article 5 of the collective bargaining agreement between it and the affected employees empowers SUNYA to direct absences of employees on days when their services are not required and that this clause and similar clauses have been so interpreted by PERB in the past. Article 5 of the collective bargaining agreement states: "Except as expressly limited by other provisions of this Agreement, all of the authority, rights and responsibilities possessed by the State are retained by it, including * * * the right * * * to direct, deploy and utilize the work force".

We find article 5 to be ambiguous and it cannot be said that PERB acted in an arbitrary or capricious manner in refusing

to construe the management rights clause favorably to SUNYA. Here, SUNYA did not simply eliminate or curtail a service to the public which is its sole prerogative *(see, Matter of City School Dist. [New Rochelle Fedn.],* 4 PERB ¶ 3060). SUNYA's decision in the instant case affected compensation, which is a term or condition of employment, and this action therefore put SUNYA in violation of Civil Service Law § 209-a. It is within PERB's authority to determine whether a matter is a term or condition of employment *(Matter of Saratoga Springs City School Dist. [New York State Public Employment Relations Bd.],* 68 AD2d 202, *lv denied* 47 NY2d 711). In making such a determination, PERB did not act arbitrarily and capriciously.

Finally, petitioner contends that the relief fashioned by PERB was speculative and, thus, arbitrary and capricious. PERB directed that those employees who had not requested Friday off and were present at work on the Wednesday before and the Monday after Thanksgiving be compensated. It held that it was reasonable to conclude that these employees would have been present on the Friday after Thanksgiving. If there were reasons to believe they would not be present, petitioner had the burden of identifying those employees and offering some basis for its contention. Remedies for improper practices are peculiarly within the administrative competence of PERB and should be upheld if reasonable *(Matter of United Univ. Professions v Newman,* 86 AD2d 734; *Matter of County of Onondaga v New York State Public Employment Relations Bd.,* 77 AD2d 783). We find PERB's decision to be reasonable.

Determination confirmed, petition dismissed, and application for enforcement granted, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.