■ In the Matter of ROCKVILLE CENTRE TEACHERS ASSOCIATION, NYSUT, AFT, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [721 NYS2d 112] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated September 16, 1999, which reversed a determination of an Administrative Law Judge, dated March 4, 1999, finding, after a hearing, that the respondent Rockville Centre Union Free School District had committed an unfair labor practice in dismissing an employee in retaliation for her union activity.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.

It is well established that in order to annul an administrative determination rendered after a hearing, a court must conclude that the record lacks substantial evidence to support that determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of McGarrell v Carter,* 205 AD2d 633; *Farrel v Dowling,* 82 AD2d 918). Similarly, while the findings of an Administrative Law Judge made after a hearing are entitled to deference upon review by an administrative board, the board is entitled to make its own findings provided that they are supported by substantial evidence (*see, Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of St. John's Queens Hosp. v Axelrod,* 137 AD2d 605).

The employee in question was a probationary employee, and, as such, could be terminated for any reason as long as the termination was not in bad faith, in violation of statutory or decisional law, or for unconstitutional or illegal reasons (*see, Matter of Green v Board of Educ.,* 262 AD2d 411). Here, it was charged that the employee was terminated due to her protected union activity. In such a case the petitioner had the burden of proving (a) that the employee was engaged in protected activ-

ity, (b) that such activity was known to the person making the adverse employment decision, and (c) that the action would not have been taken but for the protected activity (see, Matter of International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers [Town of Independence], 23 PERB ¶ 3020).

Contrary to the petitioner's contentions, there is substantial evidence in the record to support the determination of the New York State Public Employment Relations Board that the petitioner failed to sustain its burden of proof as to the third prong of the above test. The evidence shows that the subject employee failed to follow proper school procedures, failed to follow instructions, and failed to adequately safeguard the safety of a student who subsequently fell down a flight of stairs. These were sufficient reasons to terminate her probationary employment. Moreover, contrary to the petitioner's arguments, there is no evidence to establish a nexus between the employee's union activity and the decision to terminate her employment. Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.