■ In the Matter of CHERYLE HOEY et al., Petitioners, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [725 NYS2d 449] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent Cayuga-Onondaga Board of Cooperative Educational Services had not committed an improper employer practice.

Petitioners, teacher aides employed by respondent Cayuga-Onondaga Board of Cooperative Educational Services (hereinafter BOCES), were terminated in July 1998 for insubordination. Petitioners thereafter filed improper practice charges with respondent Public Employment Relations Board (hereinafter PERB) alleging that BOCES violated the Taylor Law (Civil Service Law art 14) by terminating them for reporting a teacher's suspected misconduct to their union representative rather than to management. Following a hearing, an Administrative Law Judge (hereinafter ALJ) found BOCES to have committed an improper practice by terminating petitioners as a direct result of their engaging in a protected activity. On review, PERB reversed and dismissed the charges. Petitioners thereafter commenced this CPLR article 78 proceeding seeking to annul PERB's determination contending, *inter alia*, that it is not supported by substantial evidence. Supreme Court transferred the matter to this Court and we confirm.

Our review power is limited to whether PERB's decision is supported by substantial evidence, which turns on whether there exists a rational basis in the record to support the findings upon which the agency's determination is predicated (*see, Matter of Purdy v Kreisberg*, 47 NY2d 354, 358). Here, there clearly is such a basis. PERB agreed with the ALJ that petitioners had engaged in a protected activity when they consulted with representatives of their union. Contrary to the ALJ, however, PERB further determined that BOCES was not improperly motivated but, rather, had legitimate business and educational reasons for the terminations.

The record reflects that in April 1998, petitioners were at a meeting with BOCES representatives, at which time they were specifically directed that if they had any concerns about classroom matters, they were to bring them to the attention of the supervisor of special education or the school principal. The record further reflects that sometime in April 1998 or early May 1998, petitioners became aware that a teacher had engaged in bizarre and inappropriate behavior of a sexual nature with one of the students. Petitioners did not report such suspected conduct until June 12, 1998 and then only to one of their union representatives, not BOCES. The latter did not learn of the alleged misconduct until two days later when informed thereof by the union representative. Such evidence amply supports BOCES' findings that petitioners were terminated not for engaging in a protected activity but, rather, for failing to follow a supervisor's directive and jeopardizing the safety of a child under their supervision by failing to timely report suspected child abuse.

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.