■ In the Matter of ROGER E. BENSON, as President of the New York State Public Employees Federation, AFL-CIO, Petitioner, v MICHAEL R. CUEVAS, as Chair of the New York State Public Employment Relations Board, et al., Respondents. [731 NYS2d 816] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which granted respondent State of New York's motion to dismiss petitioner's improper practice charge.

In June 1996, Governor George Pataki issued Executive Order No. 39 (9 NYCRR 5.39) requiring, *inter alia*, State employees to report information regarding "corruption, fraud, criminal activity, conflicts of interest or abuse" by other State officers, employees or persons having business dealings with State officers or employees to the State Inspector General. Petitioner thereafter filed an improper practice charge against respondent State of New York alleging that issuance of this order without prior negotiation with petitioner's union violated Civil Service Law § 209-a (1) (d) because its reporting require-

ment constituted a new work rule and changed the conditions of employment for State employees in the Professional, Scientific and Technical Unit. Petitioner's case-in-chief at the hearing consisted solely of two joint exhibits, without any testimony or evidence explaining their significance. The first exhibit was Executive Order No. 39, and the second comprised three earlier, revoked executive orders. Following the hearing, the Administrative Law Judge (hereinafter ALJ) granted the State's motion for dismissal on the ground that petitioner had failed to establish a prima facie case. Respondent Public Employment Relations Board (hereinafter PERB) thereafter denied petitioner's exceptions and affirmed the ALJ's decision.

PERB determined that "the record in [petitioner's] case is devoid of any evidence that demonstrated the working conditions that existed prior to the implementation of [Executive Order No. 39]." Both the ALJ and PERB found that petitioner's submissions failed to establish a past practice that employees were not required to report misconduct prior to the issuance of Executive Order No. 39. Petitioner then commenced this proceeding, arguing that PERB's determination was unsupported by substantial evidence and arbitrary and capricious because, in deciding the State's motion to dismiss, it failed to consider exhibits entered by the State during its defense case.

Our "review power is limited to whether PERB's decision is supported by substantial evidence, which turns on whether there exists a rational basis in the record to support the findings upon which the agency's determination is predicated" (*Matter of Hoey v New York State Pub. Empl. Relations Bd.*, 284 AD2d 633, 634). As the party charging an improper employer practice predicated on a new or changed work rule, petitioner had the burden of proof to establish the relevant past practice by a preponderance of the evidence (*see, Matter of Civil Serv. Empls. Assn. v Cuevas*, 274 AD2d 930, 931; *County of Nassau [CSEA]*, 31 PERB ¶ 4612 [1998]).

Here, the State made its motion to dismiss following the close of petitioner's proof, the ALJ reserved decision on the motion, the State presented its proof and then the ALJ granted the State's pending motion. Inasmuch as a motion to dismiss at the close of the charging party's case succeeds or fails on the evidence presented by that party (*see, Incorporated Vil. of Rockville Ctr. [Rockville Ctr. Vil. Civ. Serv. Empls. Assn.]*, 28 PERB ¶ 3056 [1995]; *Nanuet Union Free School Dist. & Nanuet Teachers Assn. [Bergerman]*, 17 PERB ¶ 3005 [1984]; *County of Nassau [Unterweiser]*, 17 PERB ¶ 3013 [1984]), the ALJ properly considered only the evidence presented before the State's mo-

tion was made. Petitioner's contention that State Administrative Procedure Act § 306 requires the ALJ to decide the motion based on the entire record is unavailing, for that section states that "the burden of proof shall be on the party who initiated the proceeding." Since the evidence presented by petitioner in its case-in-chief shows only that the particular orders did not require the reporting of misconduct, we find that PERB properly decided the State's motion to dismiss for failure to prove a prima facie case.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.