■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [743 NYS2d 620] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that the Holbrook Fire District did not commit an improper employer practice.

The facts pertaining to this proceeding are fully set forth in this Court's previous decision (267 AD2d 935). In that decision, we annulled the determination of respondent Public Employment Relations Board (hereinafter PERB) in a proceeding pursuant to Civil Service Law § 209-a, which reversed a finding by the Administrative Law Judge (hereinafter ALJ) that an

employer, the Holbrook Fire District, committed an improper practice by firing Jason Feinberg, a firehouse attendant (*id.*). Since the Hearing Officer in the Civil Service Law § 75 disciplinary proceeding against Feinberg did not fully consider whether the employer's action was improperly motivated, we determined that PERB inappropriately deferred to that Hearing Officer's findings as the sole basis for resolving the improper practice charge. The matter was remitted for an independent review of the ALJ's decision in light of all the evidence contained in the record of the Civil Service Law § 75 disciplinary proceeding.

Upon remittal, PERB again reversed the ALJ's decision. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul PERB's determination contending, inter alia, that it is not supported by substantial evidence. Pursuant to CPLR 7804 (g), and upon the parties' stipulation, Supreme Court transferred the proceeding to this Court to decide the substantial evidence issue (*see*, CPLR 7803 [4]). "[T]o establish a charge of unfair practice under the Taylor Law (Civil Service Law § 200 *et seq.*), a charging party must satisfy the three-pronged test propounded in *Matter of City of Salamanca (City of Salamanca D.P.W. Empls.)* (18 PERB ¶ 3012) by proving that it was engaged in activities protected by the Taylor Law and that the party charged had knowledge of and acted because of those activities * * *. Further, a finding of an improper employer practice under Civil Service Law § 209-a (1) 'must be supported by a finding that the employee was coerced, restrained, discriminated against, or punished for having engaged in activity that is protected under [Civil Service Law § 202]' " (*Matter of Greenburgh No. 11 Union Free School Dist. v Kinsella*, 253 AD2d 46, 49-50, *lv denied* 93 NY2d 810, quoting *Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 48 [citations omitted]).

Here, notably, petitioner did not present any evidence of specific union activity occurring during the relevant period. Furthermore, while there was some proof of disparate treatment in that two other employees who engaged in similar pranks were not terminated, there was also evidence that Feinberg engaged in other instances of misconduct, neglected his duties and failed to comply with directives from his supervisor, Debra Knopfke. Thus, there is evidence to support PERB's finding that, although Feinberg was generally engaged in union organizing, a protected activity, and that Knopfke was aware of that activity, petitioner failed to demonstrate that the action to terminate Feinberg would not have been taken but for the

protected activity (*see, Matter of Rockville Ctr. Teachers Assn., NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 281 AD2d 425, 426; *Matter of International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers [Town of Independence]*, 23 PERB ¶ 3020). Based upon this record, we cannot say, as a matter of law, that petitioner's evidence established an evidentiary nexus between Feinberg's union activity and the decision to terminate (*see, Matter of Rockville Ctr. Teachers Assn., NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd.*, *supra*). In our view, there is a rational basis in this record to support PERB's findings (*see, Matter of Purdy v Kreisberg*, 47 NY2d 354, 358; *Matter of Hoey v New York State Pub. Empl. Relations Bd.*, 284 AD2d 633, 634) that petitioner failed to establish a prima facie case of improper motivation and that the Holbrook Fire District did not commit an improper employer practice when it terminated Feinberg.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.