◼ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [754 NYS2d 113] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that the State University of New York at Oswego had not committed an improper employer practice.

Richard Dowd was terminated from his position as janitor at the State University of New York at Oswego (hereinafter SUNY) for engaging in a course of harassing and demeaning conduct toward Rebecca Hotaling, the director of the Onondaga

residence hall, which Dowd was responsible for cleaning and maintaining. The amended notice of discipline (hereinafter NOD), issued on September 5, 2000, listed 14 specifications of misconduct including the following, listed as specification No 8: "Rebecca Hotaling was confused and felt threatened when you said you were 'going to go to the union' when she told you [that] you could not take over the downstairs hall council room on Onondaga for an employee break room."

As a result, petitioner filed a charge with respondent Public Employment Relations Board (hereinafter PERB) on September 22, 2000, alleging violations of the Taylor Law (Civil Service Law art 14), specifically Civil Service Law § 209-a (1) (a) and (c). The charge alleged that the NOD was issued "in retaliation for Mr. Dowd's protected activity and comments to Ms. Hotaling concerning the employee break room at Onondaga Residence." Following a hearing, the Administrative Law Judge (hereinafter ALJ) concluded that the record did not show that SUNY issued the NOD with any improper motivation, but that the inclusion of specification No. 8 nevertheless constituted an improper practice because seeking the assistance of one's bargaining agent is a protected activity, as is notifying of one's intent to do so. Accordingly, the ALJ ordered SUNY to cease and desist from disciplining Dowd for his statement and to sign and post a notice that Dowd was not disciplined for making statements about going to the union.

PERB reversed the ALJ's decision and dismissed the charge. PERB found that the ALJ essentially treated specification No. 8 as a per se violation of the Civil Service Law and that doing so was improper because, to sustain the alleged violation, deliberate conduct must be demonstrated (see Civil Service Law § 209-a [1]). Hence agreeing with the ALJ that SUNY's conduct was not improperly motivated, PERB found that petitioner failed to prove that SUNY had committed an improper employer practice. Petitioner thereafter commenced the instant CPLR article 78 proceeding in Supreme Court, which was then transferred to this Court.

"Our review power is limited to whether PERB's decision is supported by substantial evidence, which turns on whether there exists a rational basis in the record to support the findings upon which the agency's determination is predicated" (Matter of Hoey v New York State Pub. Empl. Relations Bd., 284 AD2d 633, 634 [citation omitted]; see Matter of Purdy v Kreisberg, 47 NY2d 354, 358). A review of the record before us reveals such a basis.

Petitioner alleges that SUNY committed an improper

employer practice by interfering with Dowd's protected rights and discriminating against him for exercising those rights (see Civil Service Law § 209-a [1] [a], [c]). To sustain this violation, it is necessary to establish that the employer acted "deliberately" (Civil Service Law § 209-a [1]), that the employer's action was improperly motivated, i.e., motivated by the employee's participation in protected conduct (see Matter of Hoey v New York State Pub. Empl. Relations Bd., supra at 634). Here, testimony and documentary evidence produced at the hearing amply support PERB's finding that Dowd was issued an NOD based on a pattern of harassing behavior, rather than for his announcement of his intention to invoke union assistance. The record establishes that Dowd harassed Hotaling on numerous occasions, making inappropriate statements about her gender, marital status, religion, child rearing decisions, appearance and work performance, and repeatedly attempted to frustrate her authority. In addition, evidence was introduced that Dowd had been reprimanded on two previous occasions for harassing women. Accordingly, PERB's conclusion that SUNY included specification No. 8 merely as another example of Dowd's attempt to bully and intimidate Hotaling, rather than to penalize Dowd for a legitimate intention to contact his union representative, is supported by substantial evidence.

Petitioner's contention that PERB failed to adhere to its own precedent is unpersuasive. PERB has held that the deprivation of certain fundamental employee rights, however erroneous or innocent, may violate the Taylor Law because such conduct may have a chilling effect on the organizational rights of employees (see Matter of Greenburgh #11 Fedn. of Teachers [Greenburgh #11 Union Free School Dist.], 33 PERB ¶ 3018, at 3044, 3048; see also Matter of Suffolk County Assn. of Municipal Empls. [County of Suffolk Legislature], 34 PERB ¶ 3034, at 3078, 3080). Thus, even where there is no independent evidence of union animus, a prima facie case of a Taylor Law violation can be established (see Matter of Greenburgh #11 Fedn. of Teachers [Greenburgh #11 Union Free School Dist.], supra at 3048). However, because the definition of an improper employer practice in Civil Service Law § 209-a (1) expressly requires an employer to act "deliberately" in interfering with protected union activities, PERB has recognized that a prima facie case thus established creates only a permissible presumption which can be rebutted by proof that the improper conduct was not improperly motivated (see id.). Thus, PERB did not act in contravention of its own precedent by focusing on whether SUNY's actions were improperly motivated. Here, as indicated above, ample evidence exists that SUNY's actions were not un-

dertaken for the purpose of depriving Dowd of his right to contact his union to rebut any presumption to the contrary.

Cardona, P.J., Mercure and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.