■ In the Matter of Town of Southampton, Petitioner, v New York State Public Employment Relations Board et al., Respondents. [763 NYS2d 338] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that petitioner had committed an improper employer practice.

After their collective bargaining agreement expired in January 1994 and they were unable to negotiate a successor agree-

ment, petitioner and the Police Benevolent Association of Southampton Town, Inc. (hereinafter PBA) participated in compulsory interest arbitration (*see* Civil Service Law § 209 [4]). Based on a stipulation of the parties, the resulting arbitration award (hereinafter award), issued in October 1996, included a clause concerning the calculation of hourly and daily rates of overtime pay for petitioner's employees (hereinafter rate clause).* A dispute arose immediately as to the scope of the rate clause, and petitioner refused to comply with it in calculating, among other things, the daily rate of holiday pay. In response, the PBA filed a grievance. In June 1997, during the pendency of the grievance and in contemplation of a new collective bargaining agreement, petitioner and the PBA entered into a memorandum of agreement that expressly continued only those provisions of the award that were not in dispute. In January 1999, the PBA's holiday pay grievance was decided in its favor. Although the grievance award was then confirmed, Supreme Court (Hall, J.) expressly declined to consider whether it had any effect after December 31, 1996, the date when the award expired.

As a result of petitioner's continuing refusal to honor the rate clause terms in calculating holiday pay, the PBA then filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) asserting, among other things, that petitioner had breached its duty to negotiate in good faith by unilaterally changing the status quo regarding holiday pay (*see* Civil Service Law § 209-a [1] [d]; *Matter of Triborough Bridge & Tunnel Auth. [District Council 37 & Local 1396]*, 5 PERB ¶ 3037 [1972]). Following a hearing, the Administrative Law Judge (hereinafter ALJ) found that, despite the expiration of the award, the rate clause terms regarding holiday pay defined that aspect of the status quo, and concluded that petitioner's refusal to comply with those terms constituted an improper employer practice. Petitioner filed exceptions with PERB, which denied them and affirmed the ALJ's decision. Petitioner then commenced this CPLR article 78 proceeding, claiming that PERB lacked jurisdiction of the underlying dispute, that PERB extended the award in contravention of the two-year statutory limitation on such awards (*see* Civil Service Law § 209 [4] [c] [vi]), and that PERB's determination is otherwise arbitrary, capricious or an abuse of discretion.

---

* The stipulated language states: "Overtime: Effective upon the issuance of this Award employees' hourly and daily rate of pay shall be calculated incorporating longevity pay, night differential pay and holiday pay earned the previous calendar year."

As a threshold matter, we reject petitioner's contention that PERB lacked jurisdiction over the dispute between petitioner and the PBA. Although embodied in the award, the term of employment in dispute here originated in the stipulated language of the rate clause and the PBA sought PERB's review of petitioner's alleged failure to maintain the status quo only after the award's expiration. In entertaining jurisdiction, PERB correctly refused to consider the PBA's petition to the extent that it sought to enforce the award itself (*see Matter of Roma v Ruffo*, 92 NY2d 489, 494-495 [1998]).

Petitioner next contends that PERB's determination is not entitled to deference by this Court because it involves the interpretation of a statute (*see e.g. Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480, 485 [1995]). However, while the effect of PERB's determination on petitioner's obligation regarding holiday pay may be the same as if the period of the award had been set at more than two years, it is significant that this effect resulted not from PERB's interpretation of a statute or extension of the award, but rather from the fact that the parties' agreement as to holiday pay, as adopted in the award and interpreted in the grievance award, continued as the status quo after the award expired. Thus, contrary to the dissent's conclusion, PERB's determination did not extend the period of the award itself, and it neither misinterpreted nor violated Civil Service Law § 209 (4) (c) (vi). The issue resting peculiarly within PERB's expertise was the nature of the status quo following expiration of both the collective bargaining agreement and the award. Accordingly, we will defer to PERB's administration of Civil Service Law article 14 (*see Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd.*, 83 NY2d 315, 320 [1994]; *Matter of Bodanza v Public Empl. Relations Bd.*, 119 AD2d 917, 918-919 [1986], *lv denied* 68 NY2d 607 [1986]), and our review is limited to whether this determination is supported by substantial evidence (*see Matter of Benson v Cuevas*, 288 AD2d 542, 543 [2001]; *Matter of Hoey v New York State Pub. Empl. Relations Bd.*, 284 AD2d 633, 634 [2001]).

The core question presented by the PBA's application was whether the holiday pay provision defined the status quo after December 31, 1996. In answering this question in the affirmative, PERB expressly adopted the reasoning of the ALJ in *Matter of Blooming Grove Police Benevolent Assn. (Town of Blooming Grove)* (33 PERB ¶ 4581 [2000]). In that proceeding, the ALJ recited PERB's earlier determination in *Matter of Massapequa Union Free School Dist. (Civil Serv. Empls. Assn., Nas-*

*sau Chapter*) (8 PERB ¶ 3022, at 3037 [1975]) to the effect that "the final resolution of a bargaining impasse pursuant to [Civil Service Law] § 209 * * * establishes the status quo during negotiations for a new agreement" (*Matter of Blooming Grove Police Benevolent Assn. [Town of Blooming Grove], supra* at 4709-4710). Although the labor dispute in *Matter of Massapequa Union Free School Dist.* was resolved following impasse by a legislative imposition, rather than by an arbitration award, the ALJ attached no significance to that distinction under the circumstances here.

PERB's decision to also ignore this distinction and treat the agreed-upon language of the award no differently than if it had been a legislative resolution has a rational basis articulated in PERB's own precedents, for PERB has previously observed that "an interest arbitration award is 'similar in effect to' a legislative determination" and both are time limited (*Matter of Washingtonville Police Benevolent Assn. [Village of Washingtonville]*, 27 PERB ¶ 4002, at 4003 [1994], quoting *Matter of Middletown Police Benevolent Assn. [City of Middletown]*, 11 PERB ¶ 3005, at 3010 [1978]; *see* Civil Service Law § 209 [4] [c] [vi]; *Matter of Local 517-S, Prod. Serv. & Sales Dist. Council [Suffolk Regional Off-Track Betting Corp.]*, 26 PERB ¶ 4545, at 4630-4631 [1993]). Although petitioner distinguishes legislative resolutions from arbitration awards based on the lack of express agreement by the municipal entity to an award's resolution of an impasse, PERB rationally concluded that this distinction does not result in a different impact on the status quo here. In addition, PERB's similar treatment of these two types of resolution, as well as petitioner's resulting obligation to bargain in good faith as to holiday pay, are reasonably calculated to promote the underlying public policy to "foster harmonious and cooperative labor relations in the public sector and to avoid strikes" (*Matter of City of Newburgh v Newman*, 69 NY2d 166, 172 [1987]).

Petitioner's remaining contentions, including its challenge to the temporal scope of the remedy imposed by PERB, have been examined and are found to be without merit. Thus, we find "a rational basis in the record to support the findings upon which the agency's determination is predicated" (*Matter of Hoey v New York State Pub. Empl. Relations Bd.*, 284 AD2d 633, 634 [2001], *supra*; *see Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd.*, 301 AD2d 946, 947 [2003]).

Mercure, J.P. and Spain, J., concur.

Kane, J. (dissenting). We respectfully dissent. In *City of Am-*

*sterdam v Helsby* (37 NY2d 19 [1975]), the Court of Appeals determined that Civil Service Law § 209 (4) was not an unconstitutional "delegation of power" (*id.* at 27). In so holding, the Court stated: "Here, the Legislature has delegated to [respondent Public Employment Relations Board (hereinafter PERB)], and through PERB to *ad hoc* arbitration panels, its constitutional authority to regulate the hours of work, compensation and so on, for policemen and firemen in the limited situation where an impasse occurs. It has also established specific standards which must be followed by such a panel (Civil Service Law, § 209, subd 4, par [c], cl [v].) We conclude that the delegation here is both proper and reasonable" (*id.* at 27). In enacting Civil Service Law § 209 (4), the Legislature specifically limited its delegation of power to a two-year period. "[T]he determination of the public arbitration panel shall be final and binding upon the parties for the period proscribed by the panel, but in no event shall such period exceed two years from the termination date of any previous collective bargaining agreement or if there is no previous collective bargaining agreement, then for a period not to exceed two years from the date of determination by the panel. Such determination shall not be subject to the approval of any local legislative body or other municipal authority" (Civil Service Law § 209 [4] [c] [vi]). This two-year limitation is in sharp contrast to the unlimited duration of a legislative impasse determination properly continued as the status quo in *Matter of Massapequa Union Free School Dist. (Civil Serv. Empls. Assn., Nassau Chapter)* (8 PERB ¶ 3022) (*see* Civil Service Law § 209 [3] [e] [ii]).

Where agency experience or factual interpretation is needed, PERB is generally entitled to deference in interpreting the Taylor Law. On the other hand, where, as here, "the question is one of pure statutory construction 'dependent only on accurate apprehension of legislative intent [with] little basis to rely on any special competence' (*Kurcsics v Merchants Mut. Ins. Co.*, [49 NY2d 451, 459]) * * * ' "statutory construction is the function of the courts" ' " (*Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47-48 [1988], quoting *Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971], quoting *Matter of Mounting & Finishing Co. v McGoldrick*, 294 NY 104, 108 [1945]). Because the decision of PERB extends the determination of the public arbitration panel as the "status quo" beyond the statutory two-year period, it violates the express terms of the statute and is an unconstitutional delegation of the power of the municipality to determine its own budget and to fix the terms and conditions of employment. There is no difference of any significance in the distinction made by PERB, to wit, that

it is not extending the arbitration determination but merely defining the status quo until a new agreement is negotiated. The net effect is that petitioner is bound to comply with the terms of the determination beyond the two years fixed by the Legislature. In finding Civil Service Law § 209 constitutional, the Court of Appeals noted that the legislative delegation of power must have "reasonable safeguards and standards" (*City of Amsterdam v Helsby, supra* at 27). PERB's extension of the arbitration determination as the "status quo" beyond the two-year statutory limitation contravenes the "reasonable safeguards and standards" imposed by the Legislature. For the reasons stated, we would reverse the determination of PERB insofar as it found petitioner to have committed an unfair labor practice for failure to comply with the terms of the arbitration determination beyond the two years fixed by statute.

Crew III, J., concurs. Adjudged that the determination is confirmed, without costs, petition dismissed, and respondents' application to enforce the determination granted.