■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [770 NYS2d 198]—

Cardona, P.J. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Albany County) to review that part of a determination of respondent Public Employment Relations Board directing the County of Nassau to conduct a de novo review of a certain employee's eligibility for promotion.

Petitioner is the collective bargaining representative for John Rinaldo, an employee of the County of Nassau Department of Recreation and Parks (hereinafter Department), who holds the position of History Museum Crafter II in the Division of Museum Services. On June 18, 2001, petitioner filed an improper practice charge alleging that the County violated Civil Service Law § 209-a (1) (a) and (c) by failing to promote Rinaldo to the title of Historic Museum Crafter Supervisor due to his filing of various grievances, a protected union activity. After a hearing, an Administrative Law Judge (hereinafter ALJ), appointed by respondent Public Employment Relations Board (hereinafter PERB), sustained the improper practice charge and directed the County to, among other things, promote Rinaldo to the title of Historic Museum Crafter Supervisor. Thereafter, the County filed exceptions with PERB. Although PERB affirmed the ALJ's decision on the improper practice charge, it determined that the remedy was inappropriate and modified it by directing the County to conduct a de novo review of Rinaldo's eligibility for promotion to "historic museum crafter supervisor without consideration of his grievance activity." Petitioner commenced this CPLR article 78 proceeding seeking to annul the remedial portion of PERB's order and remit the matter to that agency with a direction that the County promote Rinaldo to the title at issue.

The scope of review of a PERB determination "is limited to whether [it] is supported by substantial evidence which, in turn, depends upon whether there exists a rational basis in the record as a whole to support the findings upon which such determination is based" (*Matter of Romaine v Cuevas*, 305 AD2d 968, 969 [2003]; *see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 301 AD2d 946, 947 [2003]). Notably, in making a substantial evidence determination, we do not "weigh the evidence or assess the credibility of the testimony presented" (*Matter of Romaine v Cuevas, supra* at 969). Furthermore, a remedy fashioned by PERB for an improper practice "should be upheld if reasonable" (*Matter of State of N.Y., Governor's Off. of Empl. Relations v Public Empl. Relations Bd.*, 116 AD2d 827, 830 [1986]; *see Matter of Public Empl. Fedn. v Public Empl. Relations Bd.*, 93 AD2d 910, 912 [1983]).

Here, the record does not clearly show that Rinaldo would have been promoted to the position of Historic Museum Crafter Supervisor had it not been for the discrimination he received based upon his protected union activity. Contrary to petitioner's argument, there is evidence supporting PERB's finding that Rinaldo was not qualified for the promotion when the County sought to fill the position in 2001, because he did not meet the civil service requirement of supervision. Although Rinaldo had supervised county employees on a provisional basis when he was assigned to the Old Bethpage Village Restoration unit, following his transfer to the Sands Point Preserve Conservation Unit in 1997, he no longer supervised county employees. Nevertheless, viewed in its entirety, the evidence in this record shows that Rinaldo was not fairly considered for promotion. Where, as here, a defect in the promotional process has prevented a public employee from being considered for promotion, the general remedy utilized has been reconsideration without the defect (*see Matter of Andriola v Ortiz*, 82 NY2d 320, 325-326 [1993]). Therefore, we find that PERB's modification of the ALJ's remedial order was both supported by substantial evidence in the record and reasonable.

We have considered petitioner's other arguments and find them unpersuasive.

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.