In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [778 NYS2d 214]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found, inter alia, that respondent State University of New York—College at Oswego had not committed an improper employer practice.

Following a one-year probationary period in the position of Grade 6 Laborer with respondent State University of New York—College at Oswego (hereinafter the University), Odilon Martinez was informed by two supervisors that he failed probation and was being returned to his former Grade 5 Cleaner position. Unwilling to go back to this position, Martinez went to the University's human resources office that same day and resigned. The University's human resources director, Marta Santiago, counseled Martinez about the ramifications of this decision, specifically advising him that he had the right to have his former position back even though he had failed probation for the

higher position. Martinez indicated that he fully understood this fact but nevertheless wanted to resign because he did not want to go back to cleaning. To this end, he signed a one-sentence letter of resignation which was formally accepted by the University the following day. Thereafter, with the assistance of petitioner, his collective bargaining representative, Martinez attempted to withdraw his resignation, but his request was denied.

Petitioner filed an improper practice charge on Martinez's behalf alleging, as relevant here, that his failure in the probationary position and the subsequent refusal to permit him to withdraw his resignation had been tainted by antiunion animus in violation of Civil Service Law § 209-a (1) (a) and (c). Petitioner argued that these circumstances amounted to a constructive discharge.[1] After a hearing, an Administrative Law Judge (hereinafter ALJ) determined that the antiunion animus of Martinez's direct supervisor was "a key element" in his failure of probation and, therefore, sustained the improper practice charge. The ALJ further found that Martinez's resignation was "a direct result of his failure of probation" and directed the University to rescind its final probation report and offer him reinstatement as a probationary Grade 6 Laborer.

Upon administrative appeal, respondent Public Employment Relations Board (hereinafter PERB) agreed that the University violated Civil Service Law § 209-a (1) (a) and (c), but disagreed that reinstatement was warranted. PERB found that Martinez had voluntarily resigned and that there was no causal link between his final evaluation and his loss of employment (i.e., his independent decision to resign). Thus, PERB reversed that part of the ALJ's decision ordering reinstatement. Petitioner then commenced this CPLR article 78 proceeding challenging PERB's determination, which has been transferred to this Court (*see* CPLR 7804 [g]).[2]

Upon our review of the record, we are satisfied that substantial evidence supports PERB's determination and that the remedy it fashioned under the circumstances was reasonable (*see e.g. Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 2 AD3d 1197 [2003]). The key issue is whether the

---

1. Martinez also commenced a CPLR article 78 proceeding seeking, among other relief, to compel the University to permit the withdrawal of his resignation (*Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650 [2002]). This Court reinstated two causes of action which had been improperly dismissed for legal insufficiency (*id.*).

2. This Court granted a motion by the University to intervene.

University's refusal to permit Martinez to withdraw his resignation was improperly motivated by his participation in protected union activities. Substantial evidence supports PERB's determination that there was no evidence that Santiago,[3] who was ultimately responsible for making the decision, harbored any antiunion animus. Although she was aware of Martinez's past grievance disputes, Santiago played no role in his probationary evaluations, particularly the final one wherein it was recommended that he be terminated.

To this end, we note that the ALJ gave petitioner significant leeway to develop the issue of whether Santiago acted with animus when she refused to allow Martinez to withdraw his resignation and, despite same, petitioner wholly failed to do so. As petitioner failed in its initial burden of proving that the University infringed on protected activities, the burden never shifted to the University to establish that its action was motivated by legitimate business reasons (*see e.g. Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 301 AD2d 946, 948 [2003]; *Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd.*, 295 AD2d 668, 669 [2002]; *Matter of Rockville Ctr. Teachers Assn., NYSUT, AFT, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 281 AD2d 425, 425-426 [2001]; *Matter of Greenburgh No. 11 Union Free School Dist. v Kinsella*, 253 AD2d 46, 49-50 [1999], *lv denied* 93 NY2d 810 [1999]; *Matter of City of Salamanca*, 18 PERB ¶ 3012 [1985]).

Finally, the record is completely devoid of evidence that Martinez was constructively discharged, that is, that the University, in failing Martinez's probation and informing him that he would be returning to his former position, deliberately created working conditions for him that were so difficult or unpleasant that a reasonable person in his shoes would have felt compelled to resign (*see e.g. Stetson v NYNEX Serv. Co.*, 995 F2d 355, 360 [1993]; *Spence v Maryland Cas. Co.*, 995 F2d 1147, 1156 [1993]; *Pena v Brattleboro Retreat*, 702 F2d 322, 325 [1983]; *Puricelli v Continental Cas. Co.*, 103 F Supp 2d 91, 95 [1999]; *see also Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650, 651 [2002]). While Martinez may have been upset by his final probation evaluation and disliked the notion of returning to his former position, he made a conscious, independent and voluntary decision to resign even though he knew he had a

---

**3.** Contrary to petitioner's contentions, substantial evidence supports PERB's finding that Santiago, as opposed to the University's physical plant director, made the decision to refuse Martinez's resignation withdrawal request.

right to remain employed at the University. These facts simply fall short of reflecting working conditions so difficult or unpleasant as to permit an inference that a reasonable person in his position would believe he was forced to resign.

Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.