■ KAMRAJ RAMNARINE, Appellant, v BABITA RAMNARINE, Respondent. [792 NYS2d 40]—

Judgment, Supreme Court, Bronx County (John Buckley, Special Ref.), entered on or about September 3, 2003, dissolving the marriage and, insofar as appealed from, setting aside a conveyance of the marital home to plaintiff husband's brother, unanimously affirmed, without costs.

We reject plaintiff's argument that the court could not divest his brother of title to the house unless and until the latter was formally joined as a party to this action. The brother, who is represented by plaintiff's attorney in connection with his own further conveyance of the house, had notice that his title was to be challenged at a hearing, appeared at the hearing without objection, offered testimony and documentary evidence, and otherwise had a full and fair opportunity to litigate the validity of his title. Moreover, even though he had the opportunity to do so, he never sought to intervene. Such participation and indeed control of the hearing by the brother seriously undercuts the jurisdictional objection he now makes, through plaintiff, that he is a necessary party who must be formally joined. Nor is there any basis to disturb the Special Referee's finding that defendant's consent to the divorce did not constitute a waiver of her rights in the house (see Matter of Civil Serv. Empls. Assn. v

*Newman,* 61 NY2d 1001 [1984], *affg for reasons stated* 88 AD2d 685, 686 [1982]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Nardelli and Williams, JJ.