■ In the Matter of SYRACUSE POLICE BENEVOLENT ASSOCIATION, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [805 NYS2d 457]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that respondent City of Syracuse did not commit an improper employer practice in violation of Civil Service Law § 209-a.

In May 2001, Therese Lore, a sergeant with the City of Syracuse police department, learned that her entire unit was being temporarily transferred for the summer from the "community relations division" of the department to "parks detail" in response to a public need for police presence in the parks. Another unit of officers was also going to be reassigned to parks for that summer as well. This change of assignment prompted petitioner to file a grievance on Lore's behalf on June 14, 2001.

In the interim, namely, on June 11, 2001 or June 12, 2001, a decision had been made at a meeting amongst the department's chiefs and deputy chiefs that these two units would instead be transferred to "patrol" for the summer to address a more pressing need for police presence "on the street immediately." Thus, on June 15, 2001, Lore, in addition to 11 other officers, were temporarily reassigned to "patrol." Petitioner thereafter filed an improper practice charge against respondent City of Syracuse alleging that this second transfer was in retaliation for the June 14, 2001 grievance in violation of Civil Service Law § 209-a (1) (a) and (c). Following a hearing, an Administrative Law Judge found that the City violated Civil Service Law § 209-a (1). Respondent Public Employment Relations Board (hereinafter PERB), however, reversed this decision and dismissed the improper practice charge. Petitioner then commenced this CPLR article 78 proceeding, which has been transferred to this Court (see CPLR 7804 [g]).

As often reiterated by this Court, " '[o]ur review power is limited to whether PERB's decision is supported by substantial evidence, which turns on whether there exists a rational basis in the record to support the findings upon which the agency's

determination is predicated' " (*Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.,* 301 AD2d 946, 947 [2003], quoting *Matter of Hoey v New York State Pub. Empl. Relations Bd.,* 284 AD2d 633, 634 [2001]; *accord Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.,* 2 AD3d 1197, 1198 [2003]).* Upon our review of the record, we are satisfied that PERB's decision in this matter is so supported. Petitioner alleges that the City committed an improper practice by interfering with Lore's protected rights, namely, her right to file a grievance (*see Matter of Greenburgh No. 11 Union Free School Dist. v Kinsella,* 253 AD2d 46, 50 [1999], *lv denied* 93 NY2d 810 [1999]). The record amply supports PERB's finding that Lore was not reassigned in retaliation for filing the grievance about the first transfer.

Notably, the decision to temporarily transfer Lore, as well as her entire unit and another unit, to patrol was made before she actually filed any grievance concerning the intended transfer to parks. Moreover, the deputy chief who actually made this decision was unaware of her grievance at that time. Additionally, the decision was in direct response to a then-public need to address street crime. It was not made with Lore, or any other individual officer, in mind. Given these facts, PERB's determination that the second transfer decision was not retaliatory in nature was rationally based and supported by substantial evidence.

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Thus, contrary to petitioner's contention, the issue before this Court is *not* whether the Administrative Law Judge's decision was supported by substantial evidence.