■ In the Matter of STATE OF NEW YORK (DIVISION OF STATE POLICE), Petitioners, v POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE TROOPERS, INC., et al., Respondents. [807 NYS2d 700]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which found that petitioners committed an improper employer practice.

In March 2003, respondent Police Benevolent Association of the New York State Troopers, Inc. (hereinafter PBA) filed an improper practice charge alleging, as relevant to this proceeding, that petitioner violated Civil Service Law § 209-a (1) (a) when it issued a directive prohibiting its members from wearing union insignia while assisting the defense in any criminal jury trial.[1] Following a hearing, an Administrative Law Judge found against petitioner and ordered it to rescind the directive. Respondent Public Employment Relations Board (hereinafter PERB) affirmed, finding that wearing union insignia while off duty and out of uniform is a protected activity under the Public Employees' Fair Employment Act. This CPLR article 78 proceeding to review PERB's determination ensued, which has been transferred to this Court (see CPLR 7804 [g]).

We first find that PERB's interpretation of Civil Service Law § 202 as giving PBA members the right to wear union insignia while on union business, off duty and out of uniform absent special circumstances is entitled to great deference by this Court (see Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47 [1988]; Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd., 21 AD3d 10, 15-16 [2005]; Matter of Lippman v Public Empl. Relations Bd., 263 AD2d 891, 894 [1999]).[2] Upon according deference to this interpretation (but see n 2, supra), we find that PERB rationally concluded that the wearing of union insignia under these circumstances is a protected right included within "the right to

1. The directive stemmed from an incident wherein several PBA members wore a small union pin on their lapels during the criminal trial of a former state trooper who was acquitted. Notably, no objection was voiced by either the judge or the prosecuting attorney to the fact that these individuals, who were off duty and dressed in civilian attire, wore the pin while in the courtroom. Subsequent to the trial, however, the District Attorney complained about it in a letter to the PBA's president.

2. In other words, we are unpersuaded by petitioner's argument that our review in this proceeding is less restricted because it involves a case of "pure statutory construction." In any event, even if the issue were one of pure statutory construction, our independent review of the statute would not produce a different result (see Matter of Lippman v Public Empl. Relations Bd., supra at 894).

form, join and participate in . . . any employee organization" (Civil Service Law § 202; *see Matter of Lippman v Public Empl. Relations Bd., supra*), absent a showing of special circumstances to outweigh that right.

In challenging the determination, petitioner argues that PERB erred in relying on authority from other jurisdictions which have found a protected right to wear union insignia because these decisions rest on statutory language covering "concerted activities," which is specifically excluded from the Taylor Law under *Matter of Rosen v Public Empl. Relations Bd. (supra)*. We are unpersuaded that PERB failed to appreciate the nuances between the applicable law and facts of this case and those cases cited in its determination or that PERB premised its determination on the concept of "concerted activity." To the contrary, PERB concluded that the PBA members at issue "were engaged in a protected activity by expressing their membership in and support of the PBA" and that petitioner's interest did not outweigh this "protected right . . . to participate in their union."

Finally, PERB's finding that special circumstances did not exist warranting a prohibition against the wearing of union insignia under these facts is supported by substantial evidence (*see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v New York State Pub. Empl. Relations Bd.*, 2 AD3d 1197, 1198 [2003]; *Matter of Romaine v Cuevas*, 305 AD2d 968, 969 [2003]). Simply stated, insufficient evidence was provided to support petitioner's justification for the directive, namely, that the working relationship between the State Police and District Attorney offices will be adversely affected if PBA members are permitted to wear insignia under these circumstances.

Cardona, P.J., Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.